IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-06 Erie |
| | ) |
| MICHAEL EARL COLE | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRE-SENTENCE INVESTIGATIVE REPORT**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

## I. Introduction

On April 20, 2005, the defendant, Michael Earl Cole, entered a plea of guilty to one count of unlawfully transferring a firearm, in this case two destructive devices, in violation of Title 26, United States Code, Section 5861(e). A Presentence Investigation Report (PSR) has been prepared and a sentencing hearing is scheduled for July 8, 2005. On June 20, 2005, the government received the defendant's Objections to the Pre-Sentence Investigative Report in which he objects to the two point increase in his base offense level under U.S.S.G §2K2.1(b)(3), which was applied by the probation officer because the offense involved a destructive device.

**II. <u>Argument</u>**

<u>Cole's Offense Involved a Destructive Device under U.S.S.G. §2K2.1(b)(3) and the Two Level Enhancement Should Apply</u>

If the defendant's offense of conviction involved a destructive device, U.S.S.G. §2K2.1(b)(3) provides for a two level increase in the base offense level. Here, Cole admittedly transferred two makeshift land mines to militia leader George Bilunka. These items were discovered in Bilunka's residence at 15332 Bradley Road, Atlantic, Pennsylvania 16111, during a search warrant executed on March 25, 2004.

The destructive devices were sent to the FBI Laboratory and were determined to be destructive devices under federal law. The results of the laboratory examination reflect that the items that Cole unlawfully transferred to Bilunka "are the components of two improvised explosive devices, also known as destructive devices." The devices were designed with a combination of wood, springs, machine screws, PVC pipes and fittings, and shotgun shells. The examination disclosed that these destructive devices were designed to fire a single shot 12 gauge shotgun shell. The examination disclosed that when pressure was applied to the open end of the PVC pipe and toward the end of the machine screw, the percussion primer on the shotgun shell would be impacted by the machine screw, thus firing the shotgun shell. The laboratory examination disclosed that these destructive devices could cause property damage, injury or death. Based upon this information, the

probation officer correctly applied the two level increase in §2K2.1(b)(3).

Cole claims that it is improper to apply the two level adjustment because the only reason that the items meet the definition of a "firearm", and thus constitute an offense, is because they are destructive devices.  The defendant's premise is correct that the items he unlawfully transferred meet the definition of a "firearm" under Title 26, United States Code, §5845(a)(8), precisely because they are destructive devices.  However, defendant's challenge to the two point adjustment for destructive devices must be rejected.  The Guidelines specifically recognize the inherent danger posed by destructive devices and wisely treats those devices more seriously from a sentencing standpoint.  The Commentary to U.S.S.G. §2K2.1 specifically addresses this issue in Application Note 8 and provides in pertinent part as follows: "[a] defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 U.S.C. §5845(a)... **and the applicable enhancement under subsection (b)(3).** Such devices pose a considerably greater risk to the public welfare than other National Firearm Act weapons." U.S.S.G. §2K2.1, Application Note 8 (Emphasis added).  To agree with the defendant's proposition would always preclude a sentencing enhancement for destructive devices because, by their very nature, all destructive devices are in fact "firearms".  It is this more dangerous form of "firearm"

that §2K2.2(b)(3) is meant to address. "Deterring the possession of destructive devices, such as anti-personnel mines, is the purpose of the § 2K2.1(b)(3) enhancement". <u>United States v. Holden</u>, 61 F.3d 858, 860 (11th Cir. 1995).

To the extent that the defendant claims that the application of the two level enhancement amounts to impermissible double counting under the Guidelines, this argument has already been rejected by other courts. See <u>United States v. Justice</u>, 56 F.3d 1329, 1330 (11th Cir. 1995), <u>United States v. Lee</u>, 351 F.3d 350, 351 (8th Cir. 2003).

### III. Conclusion

WHEREFORE, the government submits that the Objections to the Pre-Sentence Investigative Report should be denied.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

_____
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing was placed for delivery by the U.S. Postal Service to and upon the following:

David A. Schroeder, Esquire
915 State Street
Erie, Pennsylvania  16501

                                                MARSHALL J. PICCININI
                                                Assistant U.S. Attorney
                                                Federal Courthouse
                                                17 South Park Row
                                                Room A330
                                                Erie, Pennsylvania 16501
                                                (814)452-2906

Dated: July 5, 2005